NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH ARUANNO, | Civil Action No. 13-5704 (WJM) |
| Petitioner, | |
| v. | **OPINION** |
| STATE OF NEW JERSEY, | |
| Respondent. | |

**APPEARANCES**:

> JOSEPH ARUANNO, #363
> Special Treatment Unit
> P.O. Box 905
> Avenel, New Jersey 07001
> Petitioner *Pro Se*

**MARTINI, District Judge**:

Joseph Aruanno, a civilly committed sexually violent predator, filed a "Petition for Habeas Corpus/Notice of Appeal," which challenges a New Jersey conviction. This Court will summarily dismiss the Petition and deny a certificate of appealability.

### I. BACKGROUND

In 1997, a New Jersey grand jury indicted Mr. Aruanno for second-degree sexual assault and third-degree endangering the welfare of a child. *See Aruanno v. Sherrer,* 277 F.App'x 155, 156 (3d Cir. 2008). A jury found him guilty of second-degree sexual assault, and on February 5, 1999, the Superior Court of New Jersey, Law Division, sentenced him to 10 years in prison and community supervision for life as a sex offender, pursuant to N.J. STAT. ANN. § 2C:43-6.4. *Id.; see also State v. Aruanno,* 2012 WL 1948670 at *1 (N.J. Super. Ct., App. Div., May 31,

2012, *certif. denied,* 212 N.J. 455 (2012) (table) (No. 071002). Aruanno appealed his conviction. On October 9, 2001, the Appellate Division of the Superior Court of New Jersey affirmed the conviction and sentence, but remanded to the trial court to vacate one of the assessments. *See State v. Aruanno,* 2012 WL 1948670 at *1. By order filed on February 14, 2002, the New Jersey Supreme Court denied Aruanno's petition for certification. *See State v. Aruanno,* 171 N.J. 338 (table); *Aruanno v. Sherrer,* 277 F.App'x at 156. "Aruanno's sexual assault conviction thus became final for federal habeas filing purposes on May 16, 2002, or 91 days after the state supreme court denied review of his direct appeal." *Aruanno,* 277 F.App'x at 156.

This Court received Aruanno's first § 2254 petition challenging the 1999 sexual assault conviction on May 20, 2002. *See Aruanno,* 277 F.App'x at 156. This first § 2254 petition raised nine claims. On December 27, 2005, Chief Judge Simandle dismissed eight claims on the merits, found that the ineffective assistance of counsel claim was procedurally defaulted, and denied a certificate of appealability.[1] *Id.* The Third Circuit granted a certificate of appealability with regard to the question of whether Chief Judge Simandle should have dismissed the petition as a mixed petition containing exhausted and unexhausted claims, or stayed the case pending the exhaustion of the unexhausted claims in the New Jersey state courts. *Id.* at 157. The Third Circuit affirmed the dismissal of the petition on the merits, finding that this Court "did

---

[1] Chief Judge Simandle found that seven claims were properly exhausted because Aruanno raised them on direct appeal, his ineffective assistance of counsel claim was procedurally defaulted, and his speedy trial claim was unexhausted but lacked merit. *See Aruanno,* 277 F.App'x at 156.

2

not abuse its discretion in denying Aruanno's mixed habeas petition outright instead of granting a stay-and-abeyance or dismissing the petition without prejudice." *Id.* at 158.

In the meantime, on September 5, 2003 (more than a year after Aruanno's direct appeal became final, and a year after the filing of his first § 2254 petition), Aruanno filed a petition for post-conviction relief in the Law Division for the same 1999 sexual assault conviction. *See State v. Aruanno*, 2012 WL 1948670 at *1; *Aruanno,* 277 F.App'x at 156. The Law Division denied relief on May 3, 2007, Aruanno appealed, and the Appellate Division remanded for an evidentiary hearing. *See State v. Aruanno*, 2012 WL 1948670 at *1. On remand, the Law Division conducted an evidentiary hearing, and on November 30, 2009, denied the PCR petition on the merits. *Id.* Aruanno appealed, and on May 31, 2012, the Appellate Division affirmed, substantially for the reasons explained by the Law Division. *Id.* at *2. The New Jersey Supreme Court denied certification on November 16, 2012. *See State v. Aruanno,* 212 N.J. 455 (table) (No. 071002).

On September 16, 2013, the Clerk of this Court received a letter from Mr. Aruanno dated September 1, 2013, together with a two-page document dated December 13, 2012, which Aruanno labeled "Petition for Habeas Corpus/Notice of Appeal," and a copy of the New Jersey Supreme Court's November 16, 2012, order (No. 071002) denying certification of the Appellate Division's decision affirming the denial of Aruanno's PCR petition.[2] The habeas petition, which is not on the form required by Local Civil Rule 81.2(a), is set forth in full below:

---

[2] Since he completed his 10-year New Jersey term of imprisonment in 2004, Aruanno has been civilly committed under the New Jersey's Sexually Violent Predator Act. *See Aruanno v. Goodwin,* Civ. No. 07-5205 (KSH), 2013 WL 3821474 (D.N.J. filed July 22, 2013).

3

> Please accept this petition in lieu of a more formal petition in reply to the copy of the attached decision from the Supreme Court of New Jersey, Docket No. 071002, dated NOV 16 2012, which denied a PETITION FOR CERTIFICATION I had submitted in reply to a Post Conviction Relief Petition I had submitted and a REMAND for a conviction for a crime I clearly did not commit.
>
> With this petition I am addressing many violation[s] of the U.S. Constitution[,] such as a flawed identification where the alleged victim told them many times it was not me but police reports and other [s] hide from that fact[, i]nstead relying on suggestive and misleading statements by the police.
>
> This case shows a jury that decided to find me guilty BEFORE the trial if it was a crime against a child, as they admitted.
>
> This case also includes a fabricated confession since they had basically nothing to make a case on.
>
> And a court which refused to allow me to file motions, etc., regarding these issues, subpoena witnesses, etc., which resulted in the REMAND where the state[] courts refuse to admit their mistakes at this point since they had illegally incarcerated me now for 17 years.
>
> And which includes any and all other Constitutional violations as the record makes clear.
>
> In advance[,] Appellant wants to thank this court for its time and efforts in this matter.

(Petition, ECF No. 1 at 4.)

## II. DISCUSSION

A. Jurisdiction

Aruanno did not identify the statute under which he seeks a writ of habeas corpus. Section 2241 of Title 28 of the United States Code confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Section 2254 of that title confers jurisdiction on district courts to issue "writs of habeas corpus on behalf

of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

In *Coady v. Vaughn*, 251 F. 3d 480 (3d Cir. 2001), Coady, a Pennsylvania prisoner, filed a petition pursuant to 28 U.S.C. §§ 2241 and 2254 challenging a decision of the state parole board denying his application for release on parole. The district court adopted the recommendation of the Magistrate Judge, which construed the matter as a § 2241 petition and dismissed the petition for failure to state a claim. On appeal, the Third Circuit determined that the district court had no jurisdiction under § 2241, as the exclusive remedy for a person confined pursuant to the judgment of a state court is a habeas corpus petition under 28 U.S.C. § 2254, which statute requires the petitioner to exhaust state court remedies before filing the § 2254 petition. *See Coady*, 251 F.3d at 484-85. As *Coady* holds that § 2254 is the exclusive remedy for a person challenging custody imposed by the judgment of a state court, this Court construes Aruanno's habeas petition as a petition under 28 U.S.C. § 2254.[3] *See Coady*, 251 F.3d at 484-85; *accord Washington v. Sobina*, 509 F.3d 613, 619 n.5 (3d Cir. 2007) ("We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241.")

---

[3] Although Aruanno's 10-year term of imprisonment expired sometime in 2004, his criminal sentence included a special sentence of parole supervision for life, pursuant to N.J. STAT. ANN § 2C:43-6.4. *See State v. Aruanno,* 2012 WL 1948670 at *1 ("Following his [sexual assault] conviction, [Aruanno] was sentenced to a ten-year term of imprisonment with five years of parole ineligibility, and to community supervision for life under Megan's law, N.J.S.A. 2C:43-6.4.") Since § 2C:43-6.4(b) provides that "[p]ersons serving a special sentence of parole supervision for life shall remain in the legal custody of the Commissioner of Corrections . . .," this Court will not dismiss Aruanno's habeas petition on the ground that he was not "in custody" on the challenged judgment of conviction at the time he filed the petition. N.J. STAT. ANN. § 2C:43-6.4(b); *cf. Maleng v. Cook*, 490 U.S. 488, 490-92 (1989); *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003).

5

The Antiterrorism and Effective Death Penalty Act ("AEDPA") limits a district court's jurisdiction over a second or successive § 2254 petition. Specifically, § 2244(b)(3)(A) of Title 28 provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Rule 9 of the Rules Governing Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." 28 U.S.C. § 2254 Rule 9. Thus, a District Court lacks jurisdiction over a second or successive § 2254 petition, absent authorization from the Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

The Petition presently before this Court is a "second or successive" habeas petition for which Aruanno has not obtained authorization from the Third Circuit to file in this Court. As explained above, Aruanno's first § 2254 petition challenging his sexual assault conviction was denied on the merits by Chief Judge Simandle in 2005, and the Third Circuit affirmed this dismissal on May 12, 2008. *See Aruanno,* 277 F.App'x at 158. Aruanno has "twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his [successive] challenge. Because he did not do so, [this] Court [is] without jurisdiction to

entertain it." *Burton*, 549 U.S. at 153. Because the Petition before this Court is a second or successive § 2254 Petition filed without authorization from the Third Circuit, this Court will dismiss the Petition for lack of jurisdiction.[4] *See Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate court before filing a second or successive habeas petition 'acts as a jurisdictional bar'") (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

B. Transfer

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). If this Court were to transfer Aruanno's § 2254 Petition to the Third Circuit as an application for authorization to file a second or successive petition, then the Third Circuit could not authorize the filing of a second or successive § 2254 petition unless Aruanno satisfied the standard set forth in § 2244(b)(2), which provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless - (A) the applicant shows that the claim relies on a new rule of

---

[4] Alternatively, if Aruanno's § 2254 petition is not a second or successive petition over which this Court lacks jurisdiction, then this Court dismisses the Petition as time barred. Under 28 U.S.C. § 2244(d)(1)(A), Aruanno's 365-day statute of limitations began to run on May 16, 2002, 91 days after the New Jersey Supreme Court denied review of his direct appeal. *See Aruanno v. Sherrer,* 277 F.App'x at 156. As the Third Circuit explained, Aruanno's one year "limitation period in this case ran from the date on which the judgment became final by the conclusion of direct review, *see* [28 U.S.C.] § 2244(d)(1)(A), and so expired on May 15, 2003." *Aruanno*, 277 F.App'x at 157. Because Aruanno did not file his first PCR petition in state court until September 5, 2003, *id.* at 156, four months after the expiration of the limitation period, statutory tolling under 28 U.S.C. § 2244(d)(2) does not apply. Therefore, as Aruanno did not file the instant habeas petition prior to May 15, 2003, the Petition is time barred.

7

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Here, Aruanno does not allege facts indicating that a claim in the present § 2254 Petition satisfies the gatekeeping requirements of § 2244(b)(2). For example, he does not identify any new rule of constitutional law, nor does he point to facts that he could not have previously discovered through the exercise of due diligence. Accordingly, this Court finds that it would not be in the interest of justice to transfer the Petition to the Third Circuit as an application for authorization to file a second or successive petition, and will dismiss the Petition for lack of jurisdiction. *Cf. Hatches v. Schultz*, 381 F.App'x 134, 137 (3d Cir. 2010) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law").

C. Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not

find it debatable that dismissal of the Petition for lack of jurisdiction is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus and denies a certificate of appealability.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: October 8, 2013